UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNRISE SENIOR LIVING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SUNRISE HOME CARE SERVICES, LLC, and KHADGA MAHAT,<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Sunrise Senior Living, LLC ("Plaintiff") brings this action against Defendants Sunrise Home Care Services, LLC and Khadga Mahat ("Defendants") and alleges as follows:

1. Founded more than 35 years ago, Plaintiff is now among the largest and best-known senior living providers in the United States, offering a full range of independent and assisted living services, nursing home services, home health care services and related services. Since its formation, Plaintiff has rendered those services under the mark SUNRISE, which it federally registered decades ago. Plaintiff operates SUNRISE-branded facilities nationwide including 10 in Pennsylvania.

2. Last year, Defendants launched a competing home health care business targeting seniors and their families in Pennsylvania. Rather than develop their own trademark, Defendants have helped themselves to Plaintiff's famous SUNRISE mark and are offering services under the marks SUNRISE, SUNRISE HOME HEALTH CARE SERVICES and other SUNRISE-formative marks.

1

3. Plaintiff has repeatedly demanded that Defendants stop their counterfeiting and infringement, but Defendants refuse to do so. Defendants' intentionally deceptive conduct is aimed at a vulnerable population and threatens to destroy the goodwill and reputation Plaintiff has cultivated over more than three decades.

## PARTIES

4. Plaintiff is a Delaware limited liability company with its principal place of business in McLean, Virginia. Plaintiff owns numerous federally registered and common law marks for SUNRISE and formatives thereof for senior care, nursing, and rehabilitation services.

5. Defendant Sunrise Home Care Services, LLC is a Pennsylvania limited liability company with its principal place of business at 3540 North Progress Avenue, 102, Harrisburg, Pennsylvania 17110.

6. Defendant Khadga Mahat is a Pennsylvania resident with an address at 2920 Herr Street, Harrisburg, Pennsylvania 17103. Defendant Mahat personally committed many of the unlawful acts alleged herein and is the moving force behind Defendant Sunrise Home Care Services, LLC's unlawful acts alleged herein.

## JURISDICTION AND VENUE

7. Plaintiff asserts claims for trademark infringement, false designation of origin, and unfair competition under federal and state law, as well as violation of the federal Anticybersquatting Consumer Protection Act (ACPA). The Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331, 1338(a). The Court has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over Defendants. Defendant Sunrise Home Care Services, LLC is a Pennsylvania limited liability company with its principal place of business in Pennsylvania and offers services to Pennsylvania residents. Defendant Mahat is a resident of Pennsylvania.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this judicial district and because a substantial part of the events giving rise to the claims alleged herein occurred in this district.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

### I.   Plaintiff and Its SUNRISE Marks

10. Plaintiff is one of the largest providers of senior care services in the United States. Plaintiff operates over 270 SUNRISE-branded facilities throughout the United States from which it offers its services to seniors, including several facilities in Pennsylvania.

11. For over 35 years, Plaintiff has provided senior care, assisted living, skilled nursing, and related services, including in-home care, under the mark SUNRISE and formatives thereof (collectively, the "SUNRISE Marks").

12. Plaintiff has invested tens of millions of dollars in advertising and promoting its services under the SUNRISE Marks.

13. Over the years, Plaintiff has many hundreds of millions in revenue from services rendered under the SUNRISE Marks.

14. Plaintiff owns the following federal registrations for its SUNRISE Marks:

| Mark | Services | Reg. No. | Reg. Date |
|---|---|---|---|
| SUNRISE | International Class 42: Providing assisted living facilities, including providing health care and counseling, residential living, and assisted and continuing care | 2,313,763 | 02/01/2000 |

| SUNRISE | International Class 42: Providing non-medical in-home assisted living services in the nature of monitoring, reminder and check-in services, namely, telephone communication with in-home care clients regarding their health, safety, and medication; providing non-medical in-home assisted living care services, namely, arranging and coordinating housekeeping, home maintenance, meal preparation, meal delivery, shopping, nursing services, transportation, delivery of pharmaceuticals, grocery delivery, and nursing services | 2,669,922 | 12/31/2002 |
|---|---|---|---|
| SUNRISE | International Class 35: Management and administration of retirement, independent living, assisted living, skilled nursing, nursing home and long term care facilities for others.<br><br>International Class 43: Retirement homes; providing independent living, assisted living, and long term care facilities and services, namely respite care and elder care day care services; home care and adult care in the nature of meal preparation.<br><br>International Class 44: Skilled nursing care; nursing homes; home nursing aid services, namely, personal grooming, incontinence care, medication management, companionship, home management, and hospice services; Alzheimer's and dementia care, medical care and health care, and home health care.<br><br>International Class 45: Providing patient advocate services to patients in independent living, assisted living, and long term care facilities. | 2,933,983 | 03/15/2005 |

4875-1819-8924

| SUNRISE SENIOR LIVING | International Class 35: Management and administration of retirement, independent living, assisted living, skilled nursing, nursing home and long term care facilities for others.<br><br>International Class 43: Retirement homes; providing independent living, assisted living, and long term care facilities and services, namely respite care and elder care day care services; home care and adult care in the nature of meal preparation.<br><br>International Class 44: Skilled nursing care; nursing homes; home nursing aid services, namely, personal grooming, incontinence care, medication management, companionship, home management, and hospice services; Alzheimer's and dementia care, medical care and health care, and home health care.<br><br>International Class 45: Providing patient advocate services to patients in independent living, assisted living, and long term care facilities. | 2,850,729 | 06/08/2004 |
| --- | --- | --- | --- |
| SUNRISE SENIOR LIVING (logo) | International Class 35: Management and administration of retirement, independent living, assisted living, skilled nursing, nursing home and long term care facilities for others.<br><br>International Class 43: Retirement homes; providing independent living, assisted living, and long term care facilities and services, namely respite care and elder care day care services; home care and adult care in the nature of meal preparation.<br><br>International Class 44: Skilled nursing care; nursing homes; home nursing aid services, namely, personal grooming, | 3,010,096 | 11/01/2005 |

5

4875-1819-8924

| | incontinence care, medication management, companionship, home management, and hospice services; Alzheimer's and dementia care, medical care and health care, and home health care.<br><br>International Class 45: Providing patient advocate services to patients in independent living, assisted living, and long term care facilities. | | |
|---|---|---|---|

Copies of those registrations are attached as <u>Exhibit A</u>. Plaintiff's registrations are incontestable under the Lanham Act and "conclusive evidence" of its exclusive right to use the SUNRISE Marks for the registered services. 15 U.S.C. §§ 1065, 1115(b).

15. Plaintiff's SUNRISE Marks have acquired significant goodwill and are widely recognized in Pennsylvania. The public associates Plaintiff's SUNRISE Marks exclusively with the high-quality senior care services rendered by Plaintiff and has done so for decades.

## II. Defendants and Their Use of Counterfeit SUNRISE Marks

16. Defendants offer home health care services targeting seniors and their families in Pennsylvania and surrounding states using Plaintiff's SUNRISE marks, including "SUNRISE," "SUNRISE HOME CARE SERVICES," and "SUNRISE HOMECARE SERVICES."

17. Defendants' services are identical and substantially related to the services that Plaintiff offers under its SUNRISE Marks. Defendants commenced offering these services many decades after Plaintiff first acquired rights in and federally registered its SUNRISE Marks.

18. On January 5, 2023, Defendant Mahat caused the filing of Application No. 97/743,485 in the USPTO for the mark SUNRISE HOME CARE SERVICES & Design for "Home health care services; Home health care services, namely, personal care; Home-visit nursing care; Continuing care retirement communities (CCRCS) in the nature of nursing home services; Respite

6

care services in the nature of home nursing aid services." The application identifies Mahat doing business as Sunrise Health Care Services, LLC as the owner of the mark. Set forth below is a depiction of the applied-for mark:



The applied-for mark depicts a sunrise with the words "Sunrise Home Care Services Your Preference in Home Care." In the application, Defendants allege that they commenced use of the mark for the services in August 2022 and attach Defendant Mahat's business card as a specimen of use of the mark in commerce. *See* Exhibit B.

19. Defendants own the domain **sunrisehomecareservices.com**. Defendants operate a website at that domain that advertises and promotes their services. *See* Exhibit C. The logo at the top of the home page at **sunrisehomecareservices.com** corresponds with Defendant Mahat's applied-for mark in Application Serial No. 97/743,485.

20. Plaintiff and Defendants advertise and sell their SUNRISE-branded services in the same channels of trade and to the same class of customers.

21. Consumers and others are likely to erroneously believe that Defendants' services are offered, licensed, or approved by Plaintiff.

22. Defendants use Plaintiff's SUNRISE Marks to deceive seniors and others into believing that Defendants are Plaintiff or are affiliated with Plaintiff and to deceive seniors and their loved ones to purchase Defendants' services.

23. Defendants' use of Plaintiff's SUNRISE Marks irreparably injures Plaintiff's brand and reputation.

24. Plaintiff has repeatedly demanded by way of written letter that Defendants stop counterfeiting and infringing Plaintiff's SUNRISE Marks. Defendants have received Plaintiff's letters but refuse to stop their unlawful conduct. Defendants' use of Plaintiff's SUNRISE Marks, including on their website at **sunrisehomecareservices.com** and in their domain is in bad faith. Defendants are trading on Plaintiff's goodwill and reputation and deceiving seniors and their families.

## COUNT 1
## Trademark Counterfeiting Under the Lanham Act
## (15 U.S.C. § 1114)

25. Plaintiff incorporates and alleges the foregoing paragraphs as if fully set forth herein.

26. Plaintiff owns incontestable federal registrations for the SUNRISE Marks for the services specified in each registration. *See* Exhibit A.

27. Defendants are using SUNRISE marks that are identical and substantially indistinguishable to Plaintiff's federally registered SUNRISE marks for the same services in Plaintiff's registrations, including home health care services and in-home nursing services.

28. Defendants' unauthorized use of Plaintiff's federally registered SUNRISE Marks for the identical services in Plaintiff's trademark registrations is likely to cause confusion, mistake. and deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' services.

29. Defendants knowingly and in bad faith are using the identical or substantially indistinguishable marks in Plaintiff's trademark registrations for the same services identified in those registrations.

30. Plaintiff is suffering irreparable injury and damages and Defendants have been unjustly enriched as a direct result of Defendants' intentionally wrongful conduct.

## COUNT 2
### Trademark Infringement, False Designation of Origin, and Unfair Competition under the Lanham Act
### (15 U.S.C. §§ 1114, 1125(a))

31. Plaintiff incorporates and alleges the foregoing paragraphs as if fully set forth herein.

32. Plaintiff owns federally registered and common law SUNRISE Marks for senior care services.

33. Defendants' use of the mark SUNRISE and formatives thereof for senior care services and related services is likely to cause confusion, deception, and mistake that Defendants or Defendants' services are approved by or affiliated, associated, or connected with Plaintiff or Plaintiff's SUNRISE Marks. 15 U.S.C. §§ 1114(1), 1125(a).

34. Defendants have willfully infringed Plaintiff's SUNRISE Marks, including by continuing to use its infringing SUNRISE Marks after receiving multiple cease-and-desist letters from Plaintiff.

35. Plaintiff is suffering irreparable injury and damages and Defendants have been unjustly enriched as a direct result of Defendants' intentionally wrongful conduct.

4875-1819-8924

## COUNT 3
**Violation of Federal Anticybersquatting Protection Act (ACPA)**
**(15 U.S.C. § 1125(d))**

36. Plaintiff incorporates and alleges the foregoing paragraphs as if fully set forth herein.

37. Defendants have registered, trafficked, and used the domain name **sunrisehomecareservices.com.**

38. Defendants' domain name, **sunrisehomecareservices.co**m, is identical or confusingly similar to Plaintiff's SUNRISE Marks.

39. Plaintiff's SUNRISE Marks were distinctive at the time Defendants registered and used **sunrisehomecareservices.com**.

40. Defendants have registered, trafficked, and used the domain name **sunrisehomecareservices.com** with a bad faith intent to profit from Plaintiff's SUNRISE Marks.

41. Plaintiff is suffering irreparable injury and damages and Defendants have been unjustly enriched as a direct result of Defendants' intentionally wrongful conduct.

## COUNT 4
**Trademark Infringement and Unfair Competition under Pennsylvania Common Law**

42. Plaintiff incorporates and alleges the foregoing paragraphs as if fully set forth herein.

43. Plaintiff owns federally registered and common law SUNRISE Marks for senior care services.

44. Defendants' use of SUNRISE and formatives thereof is likely to cause confusion, deception, and mistake that Defendants and their services are approved by or affiliated, associated, or connected with Plaintiff or Plaintiff's SUNRISE Marks.

45. Defendants are willfully infringing Plaintiff's SUNRISE Marks.

46. Plaintiff is suffering irreparable injury and damages and Defendants have been unjustly enriched as a direct result of Defendants' intentionally wrongful conduct.

## **REQUEST FOR RELIEF**

Plaintiff requests that the Court grant the following relief:

A. Judgment in favor of Plaintiff and against Defendants on all counts alleged herein.

B. A preliminary and permanent injunction:

   a. Enjoining Defendants and their principals, employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, and all those in active concert with them and having knowledge of this action, from using the mark SUNRISE, alone or in combination with any other word(s) and/or designation(s), including SUNRISE HOME CARE SERVICES and all confusingly similar marks;

   b. Requiring Defendants to deliver up for destruction all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession, custody, or control that contains a SUNRISE or SUNRISE-formative mark;

   c. Ordering GoDaddy, LLC, the registrar of Defendants' domain name **sunrisehomecareservices.com,** to transfer that domain name to Plaintiff;

   d. Ordering Defendant Mahat to expressly abandon U.S. Application Serial No. 97743485 with the U.S. Patent and Trademark Office; and

   e. Requiring Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth

          in detail the manner in which Defendants have complied with the Court's injunction; and

C.    Monetary relief in the form of:

    a. Statutory damages in the amount of $2,000,000 per counterfeit mark per service Defendant advertised or sold pursuant to 15 U.S.C. § 1117(c);

    b. Statutory damages in the amount of $100,000 per infringing domain name pursuant to 15 U.S.C. § 1117(d);

    c. An accounting of profits derived by Defendants from the acts complained of herein under 15 U.S.C. § 1117 and any other applicable statute or common law;

    d. Plaintiff's damages allowable under 15 U.S.C. § 1117 and the laws of Pennsylvania;

    e. Treble damages and an enhanced award of Defendants' profits under 15 U.S.C. § 1117 and any other applicable statute or common law;

    f. Plaintiff's costs and reasonable attorney's fees under 15 U.S.C. § 1117, and the laws of Pennsylvania; and

    g. Punitive damages as permitted under Pennsylvania law; and

D.    Such other and further relief as the Court deems just and proper.

Dated: <u>November 14, 2023</u>           SUNRISE SENIOR LIVING, LLC

By: _____
Joseph P. Walsh. Esquire
Walsh Pancio LLC
2028 North Broad Street
Lansdale, PA 19446
(215) 368-8660
joe@walshpancio.com

                              Mary D. Hallerman (*pro hac vice* pending)
Snell & Wilmer L.L.P.
2001 K Street NW
 Suite 425 North
Washington, D.C. 20006
(202) 908-4262
mhallerman@swlaw.com